Oliver, Finnie & Co. *v.* Athey.

OLIVER, FINNIE & Co. *v.* P. R. ATHEY, Garnishee.

GARNISHMENT. *Deputy sheriff. Fees or salary.* The salary of a deputy sheriff who is paid a compensation for his services instead of fees allowed by law, is not subject to garnishment. His services are necessary in carrying on the machinery of government, and the exemption is on the grounds of public policy.

FROM SHELBY.

Appeal in errror from the Circuit Court of Shelby county. J. O. PIERCE, J.

Oliver, Finnie & Co. v. Athey.

H. F. DIX and W. M. RANDOLPH for Oliver, Finnie & Co.

J. J. DUBOSE for Athey.

COOKE, Sp. J., delivered the opinion of the court.

The plaintiffs having a judgment against one Stewart, execution was issued thereon and garnishment served upon the defendant Athey, requiring him to answer what he was indebted to Stewart, etc. The answer of the garnishee stated that he was sheriff of Shelby county, that Stewart was in his employ as deputy sheriff, and was and still is one of his deputies. His wages are $50 per month. When the garnishment was served he was indebted to said Stewart upon said salary as his compensation as deputy sheriff $20.15. He serves in the chancery court as such deputy by his appointment.

Upon this answer, the justice before whom it was made, discharged the garnishee and the plaintiffs appealed to the circuit court, when the judgment was again in favor of the gurnishee, and the plaintiffs appealed to this court.

This case, we think, is clearly within the principle described in the case of *Bank* v. *Dibrell*, 3 Sneed, 379. A deputy sheriff is an officer provided for by law, and equally within its protection with any other. His services are necessary in carrying on the machinery of government, in one of its departments, and his compensation, although received by way of a fixed salary instead of the fees allowed by law for specific services, or a part of them, is in lieu of the perqui-

sites to which he would otherwise be entitled, and is equally necessary for his support, and the reason of the exemption on account of public policy, is the same in the one case as the other.

There is no error in the record, and the judgment will be affirmed.